IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN A. STITCHICK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 21-865 ) ) |
| KILOLO KIJAKAZI,[1] *Acting Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | ) |

ORDER

AND NOW, this 19th day of August 2022, the Court, having considered the parties' summary judgment motions, will award judgment in Defendant's favor. The final decision[2] wherein the Administrative Law Judge ("ALJ") denied Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, is supported by substantial evidence and will be affirmed. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).[3]

---

[1] Kilolo Kijakazi is hereby substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d). This substitution has no impact on the case. 42 U.S.C. § 405(g). The Clerk is directed to amend the docket to reflect the substitution.

[2] The ALJ's decision became the agency's final decision pursuant to 20 C.F.R. § 404.981 when the Appeals Council denied Plaintiff's request for review (R. 12).

[3] Plaintiff raises three arguments challenging the underlying decision denying his DIB application. First, he argues the ALJ erred in her consideration of medical opinion evidence. Second, Plaintiff argues that the ALJ failed to address his longstanding work history and its reflection on his credibility. Third, Plaintiff argues that he is entitled to new administrative proceedings because the ALJ/Appeals Council exercised authority delegated to them by former Commissioner Andrew Saul whose authority was undermined by an unconstitutional restriction on his removal from that office in the Act. As explained herein, the Court is unpersuaded that remand is appropriate and will affirm the underlying decision. For clarity, the Court herein addresses Plaintiff's latter two arguments first and leaves Plaintiff's first argument about the

ALJ's consideration of medical opinion evidence—which contains several sub-arguments—for last.

The Court reviews the ALJ's decision to determine whether it is supported by substantial evidence. *Biestek*, 139 S. Ct. at 1152 (citing 42 U.S.C. § 405(g)). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Though this "threshold for . . . evidentiary sufficiency is not high," *Biestek*, 139 S. Ct. at 1154, it demands that ALJs "clearly set forth the reasons for [their] decision[s]." *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009).

ALJs use a "familiar five-step analysis" to determine disability under the Act. *Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2016)). According to the analysis, an ALJ considers, "in sequence, whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work." *Roberts v. Astrue*, No. 02:08-CV-0625, 2009 WL 3183084, at *2 (W.D. Pa. Sept. 30, 2009) (citations omitted). The fourth and fifth step inquiries require a finding of a claimant's residual functional capacity ("RFC"). A claimant's RFC "is the most [the claimant] can still do despite [his/her] limitations" and it is "based on all the relevant evidence in [the claimant's] case record." 20 C.F.R. § 404.1545(a)(1). The claimant's RFC dictates whether he can return to past work at step four, *id.* § 404.1520(a)(4)(iv), and factors into whether a claimant who cannot return to past work can adjust to "other work" at step five. *Id.* § 404.1520(a)(4)(v).

In this matter, Plaintiff has argued that the ALJ erred in her formulation of his RFC because, when she evaluated his subjective complaints, she failed to address his continuous 27-year work history. This Court recently explained that ALJs are not required to explicitly address a claimant's employment history in their assessment of alleged symptoms. *Spano v. Kijakazi*, No. CV 20-1806, 2022 WL 2803112, at *1 n.2 (W.D. Pa. July 18, 2022) (citing *Sanborn v. Comm'r of Soc. Sec.*, 613 Fed. Appx. 171, 177 (3d Cir. 2015) (explaining that an ALJ's failure to "explicitly discuss [the claimant's] years of uninterrupted employment" did not demand remand)). ALJs evaluate a claimant's alleged symptoms by first finding a medically determinable impairment that could "reasonably be expected to produce" the symptom(s) alleged, and then "evaluat[ing] the intensity and persistence" of such symptoms based on "the entire case record." SSR 16-3P, 2017 WL 5180304, at *3—4 (S.S.A. Oct. 25, 2017). Where an ALJ's assessment of alleged symptoms pursuant to this progression is "clear and well-supported," the Court will not remand merely because the ALJ did not specifically mention a claimant's long work history. *Spano*, 2022 WL 2803112, at *1 n.2. The Court finds that the ALJ's assessment of symptoms in this matter was so supported, therefore it finds no harmful error in the ALJ's failure to explicitly address Plaintiff's work history.

Plaintiff has also argued that remand is necessary because the ALJ/Appeals Council exercised illegitimate authority over his DIB application. His argument in this regard is based on the Supreme Court's relatively recent decision in *Seila L. LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183 (2020). Based on that decision, many claimants have argued before the courts

2

that the Act's purported insulation of the Commissioner from removal except for cause is a separation-of-powers violation. *Andino v. Kijakazi*, No. CV 21-2852, 2022 WL 1135010, at *6 (E.D. Pa. Apr. 18, 2022) (citing cases). Plaintiff has argued that the Act's constitutional defect deprived the ALJ/Appeals Council of legitimate authority over his claim and, further, that his case was decided pursuant to regulations issued by former Commissioner Saul though he had no authority to promulgate them.

The Court recently addressed this *Seila Law* issue in *Candusso v. Kijakazi*, No. CV 21-437, 2022 WL 3447306 (W.D. Pa. Aug. 17, 2022). In *Candusso* the Court explained that a claimant who challenges his/her disability determination based on the separation-of-powers violation in the Act must show the nexus "between the harm and unconstitutional provision." *Id.* at *3 (citing *Andino*, 2022 WL 1135010, at *6); *Collins v. Yellen*, 141 S. Ct. 1761, 1788—89 (2021). In this matter, Plaintiff's only alleged injuries are that the hearing, decision, and denial of review by the ALJ and Appeals Council in his case were not "constitutionally valid." (Doc. No. 13, pgs. 3—4). As the Court explained in *Candusso*, such broad allegations of harm do not demonstrate compensable harm arising from the unconstitutional removal-restriction provision. Therefore, the Court rejects this argument for remand.

Lastly, the Court addresses Plaintiff's argument that the ALJ erred in her evaluation of medical opinion evidence in her formulation of the RFC. Plaintiff specifically challenges the ALJ's evaluation of Dr. Michael Toshok's opinions. For applications—like Plaintiff's application—filed on or after March 27, 2017, ALJs must evaluate the persuasiveness of medical opinion evidence using the factors articulated in 20 C.F.R. § 404.1520c. Five relevant factors are set forth therein, and ALJs *must* explain their consideration of at least two of them: supportability and consistency. *Id.* § 404.1520c(b)—(c). They "may, but are not required to," articulate their consideration of the other factors. *Id.* § 404.1520c(b)(2). Dr. Toshok filled out a "Physical Residual Functional Capacity Questionnaire" wherein he opined, among other things, that Plaintiff could not sit more than two hours total or stand/walk more than two hours total in an eight-hour workday. (R. 764). Dr. Toshok also opined that Plaintiff would need unscheduled breaks (*id.*) and would be absent from work more than four days monthly due to his "impairments or treatment." (R. 765). Considering Dr. Toshok's opinions, the ALJ found them to be "not persuasive" and explained they were inconsistent with Dr. Toshok's treatment notes and other evidence in the record. (R. 35). Accordingly, the ALJ formulated a modified sedentary-work RFC despite Dr. Toshok's more limiting opinions. (R. 31). Plaintiff argues that the ALJ's analysis in this regard shows that she relied on her own lay opinion concerning the medical evidence, erroneously relied on mental-impairments evidence to evaluate physical-impairments evidence, mischaracterized certain evidence from Plaintiff's physical examinations, failed to provide specific citations to the record to support her persuasiveness finding, and overlooked considerable evidence supporting Dr. Toshok's opinions.

As an initial matter, the Court finds that the ALJ's persuasiveness evaluation of Dr. Toshok's opinions complied with the regulations applicable to Plaintiff's claim. The ALJ made a finding of persuasiveness without "defer[ring] or giv[ing] any specific evidentiary weight" to Dr. Toshok's opinions. 20 C.F.R. § 404.1520c(a). She also addressed supportability and consistency (R. 35—36) as the regulations require. *Id.* § 404.1520c(b)(2). She acknowledged

that Dr. Toshok had "attempted" to offer support for his opinions but found his treatment notes undermined his opinions. (R. 35). Assessing consistency, the ALJ offered several examples to explain why this factor supported her not-persuasive finding. For instance, she explained that Dr. Toshok's pain-related attention and concentration limitation opinion (R. 763) was undermined by mental health records reflecting adequate concentration. (R. 35). This explanation for finding Dr. Toshok's opinions to be unpersuasive permits meaningful review.

The Court is unmoved by Plaintiff's argument that the ALJ favored her own lay interpretation of medical evidence to Dr. Toshok's opinions. While it is true that an ALJ may not rely on his/her own "lay opinion" or "speculative inferences from medical reports" to reject opinion evidence, *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (citations omitted), it is also true that the ALJ alone is responsible for surveying all the evidence and assessing a claimant's RFC. 20 C.F.R. § 404.1546(c). Therefore, ALJs are permitted to and routinely reject medical opinion evidence based on "contradictory medical evidence" *Morales*, 225 F.3d at 317 (citations omitted), including an authoring physician's own treatment notes where they do not ultimately support his or her opinions. *See e.g.*, *Kibe v. Comm'r Soc. Sec.*, 787 Fed. Appx. 801, 803 (3d Cir. 2019) ("But, as for his opinion on functional limitations and his general assessment that [the claimant] was completely disabled, the ALJ noted that the Doctor's own record did not support his conclusions."). In this case, the ALJ considered Dr. Toshok's opinions, but found dissonance between those opinions and, *e.g.*, Plaintiff's August 2019 physical examination which showed "moderate distress," a "slow antalgic gait," pain in the lumbar spine, and aggravation of pain "sit to stand," but also "5+/5" strength in the right lower extremity and "4+/5" strength in the left lower extremity. (Ex. 19F/4, R. 791 (mistakenly referred to as "Exhibit 16F/4" in the ALJ's decision at R. 34—35)). The Court finds no fault in the ALJ's rejection of Dr. Toshok's severe-limitations opinions based on this other evidence, nor in her ultimate determination that such evidence supported a sedentary work RFC with a sit/stand option.

The Court also discerns no error in the ALJ's rejection of Dr. Toshok's attention and concentration opinion by reference to Plaintiff's mental impairments evidence. Plaintiff argues it was inappropriate of the ALJ to evaluate Dr. Toshok's opinion that Plaintiff's pain would frequently interfere with his attention and concentration (R. 763) by comparing that opinion to Plaintiff's mental health treatment records. However, Plaintiff cites no rule supporting his argument in that regard. Moreover, the Court finds that this explanation for the ALJ's rejection of Dr. Toshok's attention and concentration opinion provides an adequate glimpse into the reasoning behind the rejection. *See Gamret v. Colvin*, 994 F. Supp. 2d 695, 698 (W.D. Pa. 2014) (explaining that ALJs must "build an accurate and logical bridge between the evidence and the result"). Not only that, but the ALJ did ultimately limit Plaintiff to "simple, routine and repetitive tasks" to accommodate his "moderate difficulty in concentration, persisting, or maintaining pace" due to pain. (R. 31, 34).

The remaining opinion-evidence challenges raised by Plaintiff—that the ALJ mischaracterized certain evidence, failed to specifically reference evidence supporting her finding, and overlooked evidence supporting Dr. Toshok's opinions—are addressable together. Reviewing the ALJ's decision "as a whole," *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 8) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 11) is GRANTED as specified above.

                                                s/ Alan N. Bloch
                                                United States District Judge

ecf:    Counsel of Record

.

---

2004), it is clear that the ALJ accounted for all relevant evidence and provided adequate support for her findings. It is also apparent that the ALJ mistakenly cited Exhibit 16F rather than Exhibit 19F in her decision, but that this error had no impact on the outcome of her decision. Twice in her decision (R. 34, 35), the ALJ referred to Exhibit 16F/4 when she discussed Plaintiff's "August 2019" records, *i.e.*, Plaintiff's "most recent physical examination." (*Id.*). However, her discussion of those records corresponds to Exhibit 19F/4 which documents Plaintiff's August 13, 2019, exam with Kelli Sarocky, PA-C. (R. 791).

Plaintiff argues that Ms. Sarocky documented a significant number of abnormal findings at that time that belie the ALJ's characterization of Plaintiff's condition as stable and support Dr. Toshok's opinions. He also does an accounting of the evidence in the record that he finds corroborative of Dr. Toshok's opinions and greater limitations. (Doc. No. 9, pgs. 7—9). Critically, however, the ALJ accounted for such evidence in her rejection of Dr. Toshok's opinions. For instance, the ALJ acknowledged that Plaintiff had "abnormalities in gait" and "reduced range of motion." (R. 35). But, weighing that evidence with evidence that Plaintiff had near full strength in his lower extremities, the ALJ reasonably concluded that Plaintiff was not as limited as Dr. Toshok believed him to be. (*Id.*). Though certain evidence in the record such as evidence of Plaintiff's lumbar tenderness, aggravated sit-to-stand pain, or antalgic gait might have been found to support Dr. Toshok's opinions and a more limiting RFC, the presence of evidence that could support an alternative conclusion does not necessarily undermine substantial evidence. *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009). The Court finds that the ALJ in this matter provided adequate explanation for her rejection of Dr. Toshok's opinions and supported the RFC finding with evidence that would satisfy a reasonable mind without ignoring contrary evidence. Accordingly, the Court will affirm her decision.